**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MALKA LASRY,

*Plaintiff*,

v.

JP MORGAN CHASE & CO.,

*Defendant*.

No. 3:18-cv-09776-PGS-DEA

Judge Peter G. Sheridan

**DEFENDANT'S BRIEF IN RESPONSE TO THE COURT'S FEBRUARY 13, 2020 ORDER DIRECTING ADDITIONAL BRIEFING**

Christina Guerola Sarchio
New Jersey Bar No. 023731995
Amisha R. Patel (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006-1110
Tel: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com
amisha.patel@dechert.com

*Attorneys for Defendant Chase Bank USA, N.A. (incorrectly named in the Complaint as JP Morgan Chase & Co.*)

# TABLE OF CONTENTS

**Page**


I. PERSONAL JURISDICTION OVER REPHEN AND HIS FIRM ............... 1

A. Rephen and The Rephen Firm purposefully directed its conduct at New Jersey ............... 3

B. Rephen and the Rephen Firm purposefully availed themselves of this forum in connection with this litigation. ............... 5

C. Jurisdiction over Rephen and the Rephen Firm would not offend traditional notions of fair play and substantial justice. ............... 6

II. THE "OF COUNSEL" DESIGNATION SUBJECTS BOTH THE LAWYER AND THE FIRM HE IS ASSOCIATED WITH TO THE COURT'S JURISDICTION ............... 7

III. RULE 11 DOES NOT APPLY TO CHASE'S SANCTIONS REQUEST ............... 9

IV. CONCLUSION ............... 10

**TABLE OF AUTHORITIES**

**CASES**

*Anderson v. Conley*,
206 N.J. Super. 132 (N. J. Super. Ct. Law Civ. 1985)....................................1, 6

*Avdel Corp. v. Mecure*,
58 N.J. 264 (1971) .........................................................................................6

*Baker Indus., Inc. v. Cerberus Ltd.*,
764 F.2d 204 (3d Cir. 1985) ......................................................................9, 10

*Black v. Allegheny Cty.*,
2014 WL 1796690 (W.D. Pa. May 6, 2014) ......................................................5

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985)........................................................................................3

*Chambers v. NASCO*,
501 U.S. 32 (1991)......................................................................................9, 10

*Halak v. Scovell*,
296 N.J. Super. 363 (App. Div. 1997)..............................................................5

*Halley v. Myatt*,
2010 WL 1753110 (N.J. Super Ct. App. Civ. 2010) ................................*passim*

*Ho v McCarthy*,
935 N.Y.S.2d 310 (N.Y. 2011).........................................................................1

*In re Estate of Arlinghaus*,
158 N.J. Super. 139 (App. Div. 1978)..............................................................5

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
63 F. Supp. 2d 516 (D.N.J. 1999) ....................................................................9

*Int'l Shoe Co. v. Washington*,
326 U.S. 310 (1945)....................................................................................2, 3

*Lebel v. Everglades Marina Inc.*,
558 A.2d 1252 (N.J. 1989) ............................................................................10

*Lewis v. Smith*,
480 Fed. Appx. 696 (3d Cir. 2012)....................................................................10

*McGee v. Int'l Life Ins. Co.*,
355 U.S. 220 (1957)...........................................................................................6

*O'Connor v. Sandy Lane Hotel Co.*,
496 F.3d 312 (3d Cir. 2007) ...............................................................................3

*Sprout Retail, Inc. v. USConnect LLC*,
2017 WL 1351401 (D.N.J. 2017) ..................................................................2, 5

*Staron v. Weinsten*,
305 N.J. Super. 236, 241 (App. Div. 1997).........................................................7

*Watson v. City of Salem*,
934 F. Supp. 643 (D.N.J. 1995)..........................................................................9

*Wolfington v. Reconstructive Orthopaedic Assocs. II PC*,
935 F.3d 187 (3d Cir. 2019) ...............................................................................9

*Zelson v. Thomforde*,
412 F.2d 56 (3d Cir. 1969) .................................................................................3

**STATUTES**

28 U.S.C. § 1927..........................................................................................9, 10

**RULES**

Fed. R. Civ. P. 11 .....................................................................................1, 9, 10

N.J. R. Prof. C. 5.5(c)(2).......................................................................................6

**OTHER AUTHORITIES**

ABA Formal Ethics Op. 90-357 ...........................................................................7

ABA/BNA Lawyers' Manual on Prof. Conduct § 91:502 (1990) ............................8

N.J. Eth. Op. 44, 17 N.J.L. 2084 (Oct. 27, 2008) ...................................................4

N.J. Eth. Op. 444, 104 N.J.L.J. 567 (Dec. 27, 1979)...............................................9

N.J. Eth. Op. 689, 161 N.J.L.J. 225 (July 17, 2000).................................................7

Chase Bank USA, N.A. n/k/a JP Morgan Chase Bank, N.A. ("Chase") submits this brief in response to the Court's February 13, 2020 order for additional briefing on Chase's request for fees.[1] Specifically, Chase addresses: (1) whether the Court has jurisdiction over M. Harvey Rephen and M. Harvey Rephen & Associates (the "Firm"); (2) Edward Geller's "Of Counsel" designation to the Rephen Firm; and (3) whether Rule 11 applies.

## I. PERSONAL JURISDICTION OVER REPHEN AND HIS FIRM

Courts in this jurisdiction and elsewhere have not permitted a lawyer or law firm to skirt jurisdiction by claiming that they did not enter an appearance in the underlying matter, nor should the Court here. *See Halley v. Myatt*, 2010 WL 1753110, at *7 (N.J. Super Ct. App. Div. 2010); *Anderson v. Conley*, 206 N.J. Super. 132, 139-140 (N. J. Super. Ct. Law Civ. 1985); *Ho v. McCarthy*, 935 N.Y.S.2d 310, 312-3 (N.Y. 2011) (providing full faith and credit to New Jersey judgment after finding that it sufficiently established jurisdiction over the defendant New York attorney who had negotiated a transaction by mail and telephone with the New Jersey attorney for a New Jersey seller of property located in New Jersey).

---

[1] Chase incorporates by reference its prior briefing on its request for sanctions, which outline the bases for this Court's authority to sanction Plaintiffs' counsel in this matter. ECF 21 (Def.'s Mem. re Pl.'s Mot. for Voluntary Dismissal); ECF 33 (Chase's Bench Br. re Sanctions Against Law Firm and Lawyer); ECF 37 (Def.'s Response to Pl.'s Post-Trial Br.).

In *Halley*, the Appellate Division reversed the trial court's finding declining jurisdiction over a New York attorney who was retained by a New Jersey resident to negotiate a complex legal matter. 2010 WL 1753110 at *7. Although the trial court relied almost exclusively on the absence of evidence of defendant's physical presence in New Jersey, the appellate court found that "the focus on territorial presence to the exclusion of any analysis whatsoever of the quantity and quality of defendant's other contacts with the State was misguided." *Id.* The Appellate Division explained that New Jersey's "long-arm" statute, Rule 4:4-4, provides for personal jurisdiction over nonresidents "to the outermost limits provided by the United States Constitution." *Id.* (quoting *Mastondrea v. Occidental Hotels Mgmt. S.A.*, 391 N.J. Super 261, 269 (App. Div. 2007)). The appellate court held that "the undisputed proofs demonstrate substantial interaction with New Jersey, more than sufficient, in our view, to satisfy the minimum contacts test." *Id.* at *7.

Indeed, this Court has recognized that "New Jersey's long arm statute permits the exercise of personal jurisdiction to the fullest limits of due process as defined under the Constitution of the United States." *Sprout Retail, Inc. v. USConnect LLC*, 2017 WL 1351401, at *6 (D.N.J. 2017) (Sheridan, J.). Due process requires a person have certain minimum contacts with a forum if he does not reside within it. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Moreover, the minimum contacts

must be of a nature and extent "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.*

The exercise of specific personal jurisdiction here is consistent with due process because Mr. Rephen and the Rephen Firm (1) "purposefully directed [their] activities at residents of the forum," (2) "the litigation results from alleged injuries that arise out of or relate to those activities," and (3) jurisdiction would not offend traditional notions of "fair play and substantial justice."[2] *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-3, 476 (1985) (citations omitted); *accord O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007).

### A. Rephen and The Rephen Firm purposefully directed its conduct at New Jersey.

The record in this case clearly shows that the nature, quality, and quantity of Rephen contacts with New Jersey are such to establish personal jurisdiction over him and his firm. *Halley*, 2010 WL 1753110 at *7 (quoting *Wolpert v. North Shore Univ. Hosp.*, 231 N.J. Super. 378, 383 (App. Div. 1989)). For instance, Rephen recruits clients for litigation matters by advertising in New Jersey publications. *See, e.g.*, ECF 21-6 at PageID 337; ECF 21-5 at PageID 335. Indeed, Plaintiff Lasry

[2] It is well settled in the Third Circuit that "jurisdictional objections to the court's power over [a] person are waived unless timely asserted by motion or answer." *Zelson v. Thomforde*, 412 F.2d 56, 58-59 (3d Cir. 1969). *Cf id.* at 58 ("Jurisdiction objections which may be raised at any time by the parties"). Neither Rephen nor the Rephen Firm have asserted a jurisdictional objection to this Court's sanctioning power.

testified that she initiated this action after viewing several of the Rephen Firm's advertisements and speaking with Rephen about the TCPA. ECF 21-0 at PageID 245 (also admitted during the Nov. 5, 2019 Hr'g as Chase Ex. 22). In these publications, the Rephen Firm even portrays itself as a local New Jersey business, advertising its services using a New Jersey telephone number.[3] ECF 21-6 PageID 337.

Rephen and the Rephen Firm's solicitation of clients from New Jersey has proved successful as more than 125 cases in this District have been filed through its "Of Counsel" Edward Geller in the last five years. Of these cases, approximately 20 were filed against Chase. Rephen does not deny his representation of New Jersey residents in this jurisdiction: "[M]y law firm represented Sion Abadi in two TCPA cases in the District of New Jersey." ECF 36 at Page ID 659 (Aug. 7, 2019 Rephen Affirmation) (referencing *Sion Abadi v. Citibank, N.A. & Macy's Inc.*, No. 3:17-cv-04962-BRM-TJB, ECF 1 (D.N.J.) (filed July 6, 2017); *Sion Abadi v. Wells Fargo Capital One Fin. Corp.*, No. 3:16-cv-05429-FLW-LHG, ECF 1 (D.N.J.) (filed Sept. 7, 2016)).

Accordingly, Rephen's contacts with New Jersey has had significant effects

[3] To Chase's knowledge, Rephen is not barred in New Jersey and thus prohibited from advertising his availability to provide legal services to New Jersey residents. *See* N.J. Eth. Op. 44, 17 N.J.L.J. 2084 (Oct. 27, 2008).

in this State, irrespective that his services may have been "rendered … from over the State line." *Halley*, 2010 WL 1753110, at *7.

**B. Rephen and the Rephen Firm purposefully availed themselves of this forum in connection with this litigation.**

Rephen could have brought Plaintiff Lasry's claim in another jurisdiction, yet he chose to avail himself of privilege of conducting activities within the State of New Jersey. Rephen signed an agreement to represent a New Jersey citizen, which both the Retainer Agreement and Plaintiff's post-hearing brief confirm. ECF 36 at PageID 652 ("Ms. Lasry *retained* the Rephen Firm"); Chase Ex. 26, admitted during Nov. 5, 2019 Hr'g (Exhibit 9 to M. Harvey Rephen Dep. Tr. (May 28, 2019)). Rephen brought suit in a New Jersey court: "by and through her attorney, M. Harvey Rephen and Associates, P.C." ECF 1 at PageID 1; *see also* ECF 1-2 at 1 (Civil Cover Sheet) (identifying counsel as Mr. Geller as Of Counsel to the Rephen Firm). And Rephen's bad faith conduct in the litigation caused Chase to needlessly incur fees and expenses. *See generally* ECF 37 at PageID 669-680; *see also Black v. Allegheny Cty.*, 2014 WL 1796690, at *3-4 (W.D. Pa. May 6, 2014).

Not only are Rephen's contacts with New Jersey continuous, systematic and numerous, Chase's request stems from Rephen's activities here. His purposeful conduct in obtaining New Jersey clients makes it reasonable for Rephen and his firm to anticipate being haled into this Court. *See Sprout Retail Inc.*, 2017 WL 1351401, at *6 (D.N.J.) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286,

297 (1980)).

### C. Jurisdiction over Rephen and the Rephen Firm would not offend traditional notions of fair play and substantial justice.

To find that lawyers can solicit clients, provide legal advice, and bring suits in this jurisdiction without suffering any consequences for obstructive and abusive behavior simply because they appear in this District through local counsel would turn federal and New Jersey practice on its head.[4] Indeed, a lawyer not admitted in New Jersey is nevertheless subject to discipline if the lawyer provides or offers to provide any services in this state. N.J. R. Prof. C. 5.5(c)(2).

In *Anderson*, a New Jersey state court was asked to resolve a fee dispute, but the New York law firm involved in the dispute argued that the court did not have jurisdiction because the firm did not appear in the underlying New Jersey litigation. 206 N.J. Super. at 139. The firm and its attorneys, however, had worked through local counsel. *Id.* The court took the position that "[a]lthough the Broder firm was not formally admitted to [its] courts, substance must prevail over form," and found it had jurisdiction over the firm. *Id.* at 139-40.

---

[4] In addition, given Rephen's extensive representation of New Jersey residents, a finding that this Court does not have jurisdiction might preclude his clients from bringing any claims against him, including for malpractice. A State has a "manifest interest in providing effective means of redress for its residents ... [,]" *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223, (1957), particularly where a heavily regulated industry or profession is involved. *See, e.g., Lebel v. Everglades Marina Inc.*, 558 A.2d 1252, 1258 (N.J. 1989); *Avdel Corp. v. Mecure*, 58 N.J. 264, 270 (1971).

Moreover, exercising personal jurisdiction over a New York attorney "presents no special burden to defendant since the two States are contiguous." *Halley*, 2010 WL 1753110, at *8 (citing cases).

## II. THE "OF COUNSEL" DESIGNATION SUBJECTS BOTH THE LAWYER AND THE FIRM HE IS ASSOCIATED WITH TO THE COURT'S JURISDICTION

When someone serves in an "of counsel" capacity, both the counsel and the firm he is associated with are equally subject to the Court's jurisdiction and any disciplinary action. *See* ABA Formal Ethics Op. 90-357, at 3 (use of the title "of counsel" by a firm renders the "of counsel" lawyer "associated with" the firm).

In *Staron v. Weinstein*, the New Jersey Appellate Division recognized that "[a] lawyer is [']of counsel['] if designated as having that relationship with a firm or when the relationship is regular and continuing although the lawyer is neither a partner in the firm nor employed by it on a full-time basis." 305 N.J. Super. 236, 241 (N.J. App. Div. 1997) (citing Restatement (Third) of the Law Governing Lawyers, § 203, cmt. c(ii) (Proposed Final Draft No. 1, 1996)). Further, the New Jersey Advisory Committee on Professional Ethics (the "ACPE") has recognized that an "attorney designated as [']of counsel['] will have hands-on responsibility for, or will frequently render advice on, the firm's matters." N.J. Eth. Op. 689, 161 N.J.L.J. 225 (July 17, 2000).[5] Those are the circumstances here.

[5] The ABA endorses a similar view: "The of counsel lawyer must be more than an

Edward Geller explained to this Court that as "of counsel," he is "in contact with [Rephen] about the cases that he refers to me. Ultimately I do work for him in these matters…." Oct. 17, 2019 Hr'g. Tr. at 12:20-22. And while Geller was representing Plaintiff Lasry in this matter, "Mr. Rephen had – has a signed retainer agreement with Malka Lasry, [Mr. Geller] do[es] not." *Id.* at 14:13-16. In the last five years, Chase conservatively estimates that Mr. Geller has filed over 125 cases in this District as "Of Counsel" to the Rephen Firm. Of these cases, approximately 20 were filed against Chase.[6] Because Mr. Geller holds himself out as an agent of the Rephen Firm and personally prosecutes these cases, he is subject to the same scrutiny as Rephen and the Rephen Firm.

That Mr. Geller operates from and lists as his own a Bronx address and not the Manhattan address associated with the Rephen Firm is of no moment. To be sure, the ACPE recognized that a lawyer can be designated as "of counsel" on the letterhead of a sole practitioner whose office was located in another country, since the designation appears to accurately portray the relationship to the public and is not misleading. N.J. Eth. Op. 444, 104 N.J.L.J. 567 (Dec. 27, 1979). Thus, both Mr.

---

outside consultant, or an adviser on only one case, or a mere forwarder or receiver of legal business." "Of Counsel," ABA/BNA Lawyers' Manual on Professional Conduct § 91:502 (1990).

[6] Mr. Geller filed another TCPA complaint on Plaintiff Lasry's behalf approximately three weeks before initiating this action. *Malka Lasry v. Pentagon Federal Credit Union*, No. 3:18-cv-09030-MAS-TJB (D.N.J.) (filed May 10, 2018).

Geller and the Rephen Firm he is counsel to are subject to all orders of this Court, including sanctions.

## III. RULE 11 DOES NOT APPLY TO CHASE'S SANCTIONS REQUEST

A court has a number of options available to deter and punish abusive practice. Rule 11 applies in exceptional circumstances where a claim or motion is patently unmeritorious. *Watson v. City of Salem*, 934 F. Supp. 643, 662 (D.N.J. 1995) (citing *Doering v. Union County Bd. of Chosen Freeholders*, 857 F.2d 191, 194 (3d Cir. 1988)). 28 U.S.C. § 1927 applies when an attorney "multiplies the proceedings in any case unreasonably and vexatiously."[7] A court's inherent power may be invoked where "neither the statute nor the Rules are up to the task." *Chambers v. NASCO*, 501 U.S. 32, 49-50 (1991). Given the procedural posture of this case, Chase requests the Court sanction Plaintiff's counsel under 28 U.S.C. § 1927 or its inherent authority for several reasons.

First, when the Court granted Plaintiff's request to voluntarily dismiss the underlying case, Chase could not seek Rule 11 monetary sanctions against Plaintiff's counsel. In the Third Circuit, "[a] court may not sua sponte initiate proceedings

[7] 28 U.S.C. § 1927 sanctions are available against law firms. *See Baker Indus., Inc. v. Cerberus Ltd.*, 764 F.2d 204, 206-12 (3d Cir. 1985)); *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 63 F. Supp. 2d 516, 520 (D.N.J. 1999), *rev'd on other grounds* ("Section 1927, however, applies to law firms as well as individual attorneys.").

under Rule 11 after voluntary dismissal or settlement of the claims at issue." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 207 (3d Cir. 2019) (internal quotations omitted). In contrast, sanctions of attorneys' fees and costs under § 1927 are not untimely if sought or imposed after final judgment. *See Lewis v. Smith*, 480 Fed. Appx. 696, 699 (3d Cir. 2012).

Second, Rule 11 is limited to misconduct involving pleadings or motions, whereas the scope of § 1927 is broader and compensates for excess costs, including fees, attributable to the wrongful proliferation and prolongation of litigation. *Baker Indus., Inc. v. Cerberus Ltd.*, 764 F.2d 204, 209 (3d Cir. 1985) (affirming § 1927 attorneys' fees award for law firm's conduct unreasonably and vexatiously multiplying proceedings).

Finally, to the extent "acts which degrade the judicial system," and "attempts to deprive the Court of jurisdiction, fraud, misleading and lying to the Court," which occurred here, cannot not be reached by Rule 11 or Section 1927, the Court may use its inherent authority to sanction. *See Chambers*, 501 U.S. at 41-42.

## IV. CONCLUSION

For the foregoing reasons, Chase requests the Court exercise its jurisdiction over M. Harvey Rephen, Edward B. Geller, and the Rephen Firm and order the payment of fees and costs incurred by Chase in defending against this vexatious conduct.

Dated: February 21, 2020

*/s/ Christina Guerola Sarchio*
Christina Guerola Sarchio
New Jersey Bar No. 023731995
Amisha R. Patel (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006-1110
Tel: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com
amisha.patel@dechert.com

*Attorneys for Defendant Chase Bank USA, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 21, 2019, I caused a copy of the foregoing to be served upon all parties of record by operation of the Court's electronic filing system.

*/s/ Christina Guerola Sarchio*
Christina Guerola Sarchio