UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------x

MALKA LASRY,

        Plaintiff,                      Case No. 3:18-cv-09776-PGS-DEA

        v.                            Judge Peter G. Sheridan

JP MORGAN CHASE & CO.,

        Defendant,

-----------------------------------------------------------x

PLAINTIFF MALKA LASRY'S BRIEF IN RESPONSE TO THE COURT'S FEBRUARY 25, 2020 ORDER DIRECTING ADDITIONAL BRIEFING TO BE FILED BY 3/3/2020

Edward B. Geller, Esq.

Edward B. Geller, Esq., P.C., Of Counsel to

M. Harvey Rephen & Associates, P.C.

15 Landing Way

Bronx, New York 10464

Tel:(914)473-6783

Email: epbh@aol.com

Attorneys for Plaintiff Malka Lasry

Plaintiff Malka Lasry submits this brief in response to the Court's February 25, 2020 Order directing that a brief be filed by Edward Geller by March 3, 2020 for additional briefing on Chase's request for fees. This brief addresses (1) whether the Court has jurisdiction over M. Harvey Rephen and M. Harvey Rephen & Associates, P.C.; (2) the scope of Mr. Geller's "Of Counsel" designation; and the applicability of Federal Rule of Civil Procedure 11's requirements.

## I.   PERSONAL JURISDICTION OVER M. HARVEY REPHEN AND M. HARVEY REPHEN & ASSOCIATES, P.C.

Plaintiff Lasry signed a retainer agreement with the law offices of M. Harvey Rephen & Associates, P.C. on May 9, 2018. See Exhibit 1 attached. Ms. Lasry retained the Rephen Law Firm after seeing an advertisement which it had placed in a local newspaper in New Jersey. See Exhibit 2 attached. Indeed, the Rephen Law Firm does not deny that it purposefully directed its activities at residents in New Jersey. Nor does it deny that this Court has jurisdiction over it.

The Rephen Law Firm argues instead that Defendant has not met its burden to be awarded sanctions in this matter, and refers the Court to the Bench Brief it filed on November 19, 2019. In that Brief, it was made clear that Plaintiff's counsel did not multiply the proceedings in an unreasonable or vexatious manner to increase the costs of this proceeding, nor did it act in bad faith or by intentional misconduct. Ms. Lasry retained the Rephen Law Firm after Defendant

deliberately chose to ignore her explicit request to have calls and text messages from Defendant to her cell phone stopped. Plaintiff appeared for a deposition and responded to extensive written discovery demands from Defendant. When Plaintiff decided that she and her family would have to move out of the country, to Israel, for financial reasons, she made known her wish to discontinue the action against Defendant. Rather than agree and close out the matter, Defendant chose to expand the scope and breadth of the proceeding, thus greatly increasing its expenses unnecessarily. Defendant served a subpoena upon the Rephen Law Firm, and when Mr. Rephen explained in great detail why he could not respond to it, Defendant filed its requests for sanctions and legal fees. Mr. Rephen provided a detailed affidavit explaining why he was unable to respond to the subpoena. He has been living in Israel for some time to be with his ailing son. As such, he does not have access to any of the records and documents requested in the subpoena.

In addition to the fact that Defendant failed to meet its burden of proof in order to be awarded sanctions and legal fees, the requested fees are excessive and unreasonable. In order to be awarded legal fees under Section 1927, the Court must find "willful bad faith on the part of the offending attorney," and "that the claims advanced were meritless, that counsel know or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." See page 3 of Chase's Bench Brief. This burden has not been met. And Plaintiff's Bench Brief demonstrated that many of the items contained in

Defendant's breakdown of legal fees are duplicative or even unnecessary.

It is obvious that Defendant is trying to send a message to potential plaintiffs in Telephone Consumer Protection Act matters. Even though Defendant violated the T.C.P.A., the victim/consumer may be punished for seeking to protect his or her rights under the statute. The T.C.P.A. was enacted to protect consumers like Ms. Lasry from unrelenting harassment by creditors. Should Defendant prevail in this pending matter, it will cause consumers to hesitate to enforce their rights under the statute. That would be unfortunate and endanger the rights of all consumers.

## II.    THE SCOPE OF MR. GELLER'S "OF COUNSEL" DESIGNATION

In this matter, Mr. Geller is appearing "Of Counsel" to the Rephen Law Firm. According to West's Encyclopedia of American Law, edition 2, "of counsel" is defined as an attorney who has been employed to aid in the preparation and management of a particular case but who is not the principal attorney in the action. It has also been explained as a reference to an attorney who participates on a case by case basis in the activities of a law firm. U.S. Legal .com defines "of counsel" as an attorney who is not actively involved in the day to day work of a law firm, but may be available in particular matters or for consultation.

Mr. Geller works for the Rephen Law Firm. Ms. Lasry had a retainer agreement with the Rephen Law Firm, not with Mr. Geller. The pleadings which

commenced this action were signed by Edward B. Geller, Esq., of Edward B. Geller, Esq., P.C., in his capacity as Of Counsel to M. Harvey Rephen & Associates, P.C. The Rephen Law Firm was Ms. Lasry's attorney in this matter. Mr. Geller was in constant contact with Mr. Rephen throughout the pendency of this action.

### III.     THE APPLICABILITY OF FEDERAL RULE OF CIVIL PROCEDURE 11'S REQUIREMENTS

Plaintiff agrees with Defendant's position on this question to the extent that Rule 11 does not apply to Chase's sanctions request as stated in its Brief. That being said, Plaintiff again vigorously denies that Defendant is entitled to the relief being sought under Section 1927 or under any other basis for the reasons set forth above.

Dated: March 3, 2020                     /s/Edward B. Geller

Edward B. Geller, Esq.

Edward B. Geller, Esq., P.C.

Of Counsel to M. Harvey Rephen & Associates, P.C.

15 Landing Way

Bronx, New York 10464

Tel: (914)473-6783

Email: epbh@aol.com

Attorneys for Plaintiff Malka Lasry

EXHIBIT "1"

## M. HARVEY REPHEN & ASSOCIATES, P.C.

708 3rd Ave 6th Fl. N.Y. N.Y. 10017 Tel: 212 796 0930

## RETAINER AGREEMENT

Client(s): Halka Lasry (only)  Email: malky.lasry@gmail.com
Address: 239 N. Crest Place  Phone#: 848-223-3641 / 848-240-5283

**Agreement** - M. HARVEY REPHEN & ASSOCIATES, P.C. ("We", "Our" and "Us") agree to represent Client(s) ("You" and "Your") in your consumer law matter and related claims. We will handle your matter, explain your rights, keep you updated, and advise you of your legal options. We cannot and do not guarantee particular results. You authorize us to make an initial demand on your case and associate with anyone we deem necessary to litigate your claims.

**Legal Fees:** In FDCPA cases the violating party must pay the attorneys fees, legal costs and expenses. The law firm of M. Harvey Rephen & Associates will not charge you (the client). Even if your case is not successful you do not have to pay our legal fees, expenses or court costs.

**Legal Fees:** In all other cases not FDCPA, FCRA or TCPA (Ex: breach of contract) this firm will be paid 33% of any award, and additonal costs and expenses. The client shall not be billed unless the client discontinues using the firm's legal services, then the hourly rate of $400 shall be payable for all hours worked, and all expenses and costs will be paid immediately.

**FDCPA AND FCRA CASES:** The maximum possible statutory damages you may be awarded by a court of law in an FDCPA or FCRA case is $1,000. If there is pre judgment settlement you will obtain $500. The remaining balance of the recovery (excluding debt relief – debt relief is having your legal liability to pay the debt dissolved) will be our attorney's fees including the costs and expenses (except for actual and punitive damages- which this firm shall keep 50%). Where there is debt relief the amount of the debt relief shall be included in the settlement and considered income to the client and if more than $500 then no cash award shall be made to the client. The $500 is considered income. Often debt relief is a much larger amount ex: $2500 and that is considered income to the client. This Firm will not take a percentage of the debt relief settled as part of an fdcpa, fcra, or tcpa case (tcpa the debt relief is added to the total when calculating the 60%/40% split between the client and the firm)

**TCPA CASES:** TCPA cases are statutorily worth a minimum of $500 per call or text as awarded by the court. However settlements can be for a lesser amount than $500 per call. The Court can award more than $500 per call and up to $1500 per call if they deem the violations egregious. The Courts rarely do so and almost all the time award $500 a call. The client shall receive 60% of the settlement value minus the filing fees and service (approximately $500). This firm shall receive 40% as attorney fees. If your case has actual and punitive damages, This Law Firm shall be entitled to 40% of those actual and/or punitive damages awarded.

**Cash payments, debt relief or any other tangible economic benefit** will be added to and included in calculating your total recovery in your case. Client authorizes us to work in conjunction with attorney's in other states to negotiate, settle or litigate a case as necessary with the Debt Collection Agency.

The Client authorizes US to negotiate, settle, and litigate in addition to FDCPA causes of action any causes of action, such as FCRA Fair Credit Reporting Act, and TCPA Telephone Consumer Protection Act violations. (If attorney's fees are not awarded in any other causes of action outside of the FDCPA and FCRA then WE shall be paid on a 50% contingency fee for anything awarded to the Plaintiff in a successful action base don those other causes of action).

**Client is required to appear for all depositions and court dates as well as provide all required evidence that client possesses or is required to obtain. If client fails to do so the client shall be responsible for all costs associated with those failed appearances and if the case is dismissed or lost because of the failure to do so then the Client shall be responsible for all costs and attorney's fees as well as penalties, fines, etc…**

**Settlement** - We are authorized to accept any reasonable settlement and reject any unreasonable settlement, including the estimated value of our attorney's fee's based on an hourly rate if the case had proceeded to trial (as client does not pay any attorney's fees or filing fee – sole attorney income is from successfully settling or trying the case), and based on the value of the savings (legal fees, costs, expenses attorney fees, etc.) the defendant will have by settling. If the client does not respond to three attempted communications (regarding a settlement offer) from the Attorney – including the sending of a registered letter – then the Attorney can accept and sign the agreement and release on behalf of the client.

**ARBITRATION:** While the Law Firm seeks to avoid any fee disputes with their clients, and rarely have such disputes, in the event such a dispute does arise, the Client is advised that the Client has the right, at the Client's election, to seek arbitration to resolve the fee dispute. In such event, the Law Firm shall advise the Client in writing by certified mail that the Client has 30 days from receipt of such notice in which to elect to resolve the dispute by arbitration, and the Law Firm shall enclose a copy of the arbitration rules and a form for requesting arbitration. The decision resulting from arbitration is binding upon both the Client and the Law Firm.

**Costs** - There will be legal costs involved in handling your case, including but not limited to postage, filing fees, long distance, legal research, law clerks, copies, court reporters, and process servers. Generally, your legal costs will be financed by this law firm and its creditors, unless otherwise agreed to in writing between you and us. The costs will be charged to the defendant and included in the settlement or judgment.

**Termination** - We may withdraw in writing at anytime as your lawyer, so long as you are not harmed by it. You may terminate us at anytime as your lawyer, but we may retain an attorney's lien for the work we have done including all costs, expenses and attorneys fees ($400 hr.).

By signing below, you acknowledge you have read, agree to the terms in this Agreement, and have received a copy of it
**CLIENT AGREES TO APPEAR FOR DEPOSITIONS, COURT DATES, TRIAL AND SAVE ALL EVIDENCE**

Client(s): _/s/ Malky Lasry_  x  Dated: 5-9-18

EXHIBIT "2"

