# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MALKA LASRY,<br><br>*Plaintiff*,<br><br>v.<br><br>JP MORGAN CHASE & CO.,<br><br>*Defendant*. | No. 3:18-cv-09776-PGS-DEA<br><br>Judge Peter G. Sheridan |

**DEFENDANT'S REPLY BRIEF IN RESPONSE TO THE COURT'S FEBRUARY 13, 2020 ORDER DIRECTING ADDITIONAL BRIEFING**

Christina Guerola Sarchio
New Jersey Bar No. 023731995
Amisha R. Patel (*pro hac vice*)
DECHERT LLP
1900 K Street, NW
Washington, DC 20006-1110
Tel: (202) 261-3300
Fax: (202) 261-3333
christina.sarchio@dechert.com
amisha.patel@dechert.com

*Attorneys for Defendant Chase Bank USA, N.A. (incorrectly named in the Complaint as JP Morgan Chase & Co.)*

## TABLE OF CONTENTS

**Page**

I. PLAINTIFF'S COUNSEL AGREES THE COURT HAS JURISDICTION ........................................................................................... 1

II. PLAINTIFF'S COUNSEL CONCEDES THAT "OF COUNSEL" DESIGNATION MEANS EDWARD GELLER IS WORKING WITH THE REPHEN FIRM ............................................................................. 1

III. PLAINTIFF'S COUNSEL CONCEDES RULE 11 DOES NOT APPLY ........................................................................................................... 2

IV. PLAINTIFF'S ATTEMPT TO RE-LITIGATE BAD FAITH IS FURTHER EVIDENCE OF THE VEXATIOUS EFFORT TO MULTIPLY PROCEEDINGS ...................................................................... 2

CONCLUSION ............................................................................................... 5

-ii-

# TABLE OF AUTHORITIES

**CASES**

*Chambers v. NASCO, Inc.*,
　51 U.S. 32 (1991) ..................................................................................................2

*Interfaith Comm. Org. v. Honeywell Int'l, Inc.*,
　426 F.3d 694 (3d Cir. 2005) ..................................................................................5

*Perichak v. Int'l Union of Elec. Radio & Mach. Workers, Local 601, ALF-CIO*,
　715 F.2d 78 (3d Cir. 1983) ....................................................................................5

**STATUTES**

28 U.S.C. § 1927 .......................................................................................................5

Chase Bank USA, N.A. n/k/a JP Morgan Chase Bank, N.A. ("Chase") submits this reply brief in response to the Court's February 25, 2020 Order permitting Plaintiff's counsel to belatedly file his brief in response to the Court's February 13, 2020 Order for additional briefing on Chase's request for fees.[1]

### I. PLAINTIFF'S COUNSEL AGREES THE COURT HAS JURISDICTION

Plaintiff's Response does not contest the Court's jurisdiction, nor can it. Plaintiff's counsel concedes "it purposefully directed its activities at residents in New Jersey," and thus concedes jurisdiction. ECF 46 (Pl.'s Br. in Resp. to Ct.'s Feb. 25, 2020 Order) at PageID 1044; *see also* ECF 42 (Def.'s Br. in Resp. to Ct.'s Feb. 13, 2020 Order) at PageID 1028 n.2 (explaining that unraised personal jurisdictional objections are waived).

### II. PLAINTIFF'S COUNSEL CONCEDES THAT "OF COUNSEL" DESIGNATION MEANS EDWARD GELLER IS WORKING WITH THE REPHEN FIRM

The Response concedes that Mr. Geller "works for the Rephen Law Firm," that "[t]he Rephen Law Firm [is] Ms. Lasry's attorney in this matter," and that "Mr. Geller was in constant contact with Mr. Rephen throughout the pendency of

---

[1] Chase re-incorporates by reference its prior briefing on its request for sanctions, which outline the bases for this Court's authority to sanction Plaintiff's counsel in this matter. ECF 21 (Def.'s Resp. to Pl.'s Mot. for Vol. Dismissal); ECF 33 (Def.'s Bench Br. re Sanctions Against Law Firm & Lawyer); ECF 37 (Def.'s Resp. to Pl.'s Post-Trial Br.).

this action." ECF 46 at PageID 1047.

### III. PLAINTIFF'S COUNSEL CONCEDES RULE 11 DOES NOT APPLY

Plaintiff's counsel agrees "that Rule 11 does not apply to Chase's sanctions request." *Id.* In sum, Chase and Plaintiff largely agree on all issues raised in the Court's February 13th Order.

### IV. PLAINTIFF'S ATTEMPT TO RE-LITIGATE BAD FAITH IS FURTHER EVIDENCE OF THE VEXATIOUS EFFORT TO MULTIPLY PROCEEDINGS

Plaintiff's counsel has had multiple opportunities to address Chase's assertion that an award of sanctions is appropriate because Plaintiff's counsel has "acted in bad faith, vexatiously, wantonly, [and] for oppressive reasons" and should be forced to compensate Chase for the costs of defending this manufactured case. *Chambers v. NASCO, Inc.*, 51 U.S. 32, 45-46 (1991). Indeed, the Court held a hearing on that issue, during which Plaintiff's counsel had an opportunity to defend its actions in pre-trial briefing, at trial, and in post-trial briefing. *See, e.g.*, ECF 33; ECF 34 (Nov. 5, 2019 Min. of Proceedings); ECF 36 (Pl.'s Bench Br.); ECF 41 (Feb. 13, 2020 Order).

Though the Court's February 13th Order asked for responses to three simple questions, Plaintiff's counsel misdirects the issues at hand and forces Chase yet again to expend more time and resources litigating this case. Notwithstanding the Rephen Firm's obstruction, record evidence shows that this action was concocted

and maintained in bad faith as part of a larger scheme involving the Rephen Firm, Plaintiff, Plaintiff's husband, and Sion Abadi:

- Plaintiff spoke with Rephen after seeing his ads in New Jersey publications. ECF 46 at PageID 1044.

- In mid-July 2016, Plaintiff's husband Yehuda Rosenberg added two new phone numbers to his Chase accounts shortly after purchasing them in Plaintiff's name. ECF 37 at PageID 671-72.

- In early August 2016, Rosenberg paid $1,500 to Kimi Sion LLP, which was owned by Sion Abadi, *and* contacted Chase to specifically provide TCPA consent to the two new numbers. ECF 21 at PageID 195-96, 199, 204-05; ECF 37 at PageID 672.

- Rosenberg defaulted on his Chase credit cards, which triggered collection calls from Chase. ECF 37 at PageID 672.

- Plaintiff attempted to revoke the Chase TCPA consent on a phone call she recorded, knowing that she did not have authority to revoke the consent her husband provided to Chase. ECF 21 at PageID 194, 201-02, 219; ECF 37 at PageID 672.

- The Rephen Firm and Mr. Geller filed multiple TCPA actions on Plaintiff's behalf against Chase and other defendants under the same fact pattern. ECF 21 at PageID 202; ECF 37 at PageID 672.

- The Rephen Firm and Mr. Geller also filed suit on behalf of Rosenberg and filed two separate actions on behalf of Sion Abadi. ECF 21 at PageID 203, 205; ECF 37 at PageID 672.

- The Rephen Firm issued payments to Sion Abadi LLC out of the proceeds of Plaintiff's and her husband's settlements, in contravention of New Jersey Rule of Professional Conduct 5.4. ECF 37 at PageID 672-73.

- The Rephen Firm refused to comply with Chase's subpoenas—even though the SDNY Court ordered compliance and was not persuaded by Mr. Rephen's plea that he was out of the country and unable to access the

3

documents. ECF 32 (Def.'s Bench Br.) at PageID 633-34.

- Abadi also refused to appear for deposition, and denies doing business with either Plaintiff or Rosenberg despite receiving settlement monies and $1,500.00 from Rosenberg. ECF 21 at PageID 206-07, 221.

Plaintiff's counsel claims it is Chase's conduct that multiplied the proceedings when Chase refused to agree to dismissal; however, Plaintiff's counsel ignores the evidence that only after Chase uncovered the fact that this was a manufactured case did Plaintiff seek to dismiss it. ECF 37 at PageID 673. But not only has Chase established bad faith in connection with the initiation of this action, Chase has also shown that Plaintiff's counsel's conduct further exacerbated Chase's costs:

- Over a six-month period, Chase was forced to reschedule Plaintiff's deposition five times, ultimately requiring the Court's assistance to compel the deposition on a specified date. ECF 37 at PageID 674.

- Plaintiff refused to provide basic information about the genesis and veracity of her claims, forcing Chase to resort to third-party discovery. ECF 37 at PageID 674-75.

- Plaintiff's and her counsel's refusal to cooperate caused Chase to seek two separate extensions of discovery in this matter. ECF 37 at 7 at PageID 675.

- Rephen and Mr. Geller improperly raised untimely objections in this Court to a duly served subpoena on Plaintiff's counsel in New York, knowing full well that this Court lacked jurisdiction over the matter. *See* ECF 37 at PageID 675 n.21; ECF 21 at PageID 224.

Simply stated, Plaintiff's counsel made this action unnecessarily expensive for Chase by employing vexatious, dilatory tactics at every turn. *See* 28 U.S.C. § 1927.

The above evidence shifted the burden firmly to Plaintiff to "provide grounds

4

for the district court's exercise of discretion against awarding fees." *Perichak v. Int'l Union of Elec. Radio & Mach. Workers, Local 601, ALF-CIO*, 715 F.2d 78, 81 (3d Cir. 1983); *see also Interfaith Comm. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703 n.5 (3d Cir. 2005) (requiring a party challenging a fee award to object "with sufficient specificity"). But Plaintiff has offered no evidence to meet that burden, here or previously, leaving the Court little option but to award fees to Chase. *Perichak*, 715 F.2d at 85-86 (finding court abused discretion by not awarding fees after showing bad faith where "no mitigating circumstances were produced").

## **CONCLUSION**

For the foregoing reasons, Chase requests the Court exercise its jurisdiction over M. Harvey Rephen, Edward B. Geller, and the Rephen Firm and order the payment of fees and costs incurred by Chase.

Dated: March 9, 2020            */s/ Christina Guerola Sarchio*
                                Christina Guerola Sarchio
                                New Jersey Bar No. 023731995
                                Amisha R. Patel (*pro hac vice*)
                                DECHERT LLP
                                1900 K Street, NW
                                Washington, DC 20006-1110
                                Tel: (202) 261-3300
                                Fax: (202) 261-3333
                                christina.sarchio@dechert.com
                                amisha.patel@dechert.com

                                *Attorneys for Defendant Chase Bank USA, N.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 9, 2020 I caused a copy of the foregoing to be served upon all parties of record by operation of the Court's electronic filing system.

*/s/ Christina Guerola Sarchio*
Christina Guerola Sarchio